IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BRENDAN CARPENTER

 Plaintiff,

v.

CREDIT MANAGEMENT GROUP, LLC,

 Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

 Comes now the Plaintiff, Brendan Carpenter, by and through his attorneys, McNamara, Roseman, Martinez & Kazmierski LLP, and for his Complaint against the above-named Defendant, alleges as follows:

<u>JURISDICTION AND VENUE</u>

 1. Plaintiff Brendan Carpenter ("Carpenter") is a resident of and domiciled in the State of South Carolina.

 2. Defendant Credit Management Group, LLC ("CMG") was Plaintiff's employer with its principal place of business within the City and County of Denver, State of Colorado.

 3. Jurisdiction is proper, pursuant to 28 U.S.C. § 1332(a)(1) <u>et. seq</u>.

 4. The amount in controversy exceeds $75,000.00 in this matter.

<u>FACTUAL ALLEGATIONS</u>

 5. Plaintiff Carpenter commenced employment with CMG in June, 2006, as Chief Financial Officer.

 6. CMG is a sub-prime credit card issuer.

 7. In addition to his duties as CFO, Carpenter performed the duties of Chief Operating Officer (COO) as well.

8. At the time of Carpenter's commencement of employment with CMG, he executed an Employment Agreement, dated June 9, 2006, which provided in pertinent part that he would receive a performance bonus of 30% of his base salary of $250,000 during his "first year of employment."

9. The Employment Agreement provided that in the event Carpenter was terminated without cause, he would be entitled to receive a continuation of his base salary for 12 months, as well as any bonus earned and/or accrued through the date of termination. Additionally, Carpenter would receive 12 months' acceleration of any and all unvested stock options and coverage under the company's health insurance program for 12 months, or until he accepted other employment, which came first.

10. The Employment Agreement, a copy of which is attached hereto as Exhibit A, specifically provided that CMG could terminate Carpenter's employment for "cause." Cause was defined as follows:

> "Cause will exist if you are convicted of a crime involving the companies business; have misappropriated company monies or assets; have engaged in willful misconduct against the company that is materially injurious to the company; have engaged in any act of fraud against the company; have been convicted of a felony; failed to devote substantially all of your working time to the business of the company and its affiliates; or persistently failed to perform your duties as CFO."

11. Philosophical disagreements arose between Carpenter and other management at CMG, particularly with regard to CMG desiring a loosening of underwriting standards to permit credit to be more available to applicants. Over Carpenter's objections, CMG loosened credit underwriting standards.

12. On or about June 19, 2007, Carpenter was informed his employment would be terminated "for cause" unless he agreed to accept $75,000 as a performance bonus and agreed to waive *any* other claims for his compensation under the terms of his Employment Agreement. Moreover, CMG required the execution of a full and complete release of any and all claims.

13. To that date, Carpenter had not been warned of poor performance. In fact, as of June 2007, he had not been guilty of any actions which would have justified a "for cause" termination under Paragraph 7 of his Employment Agreement.

14. To the contrary, Carpenter had done an excellent job for CMG under difficult circumstances, including a changed marketplace and CMG's decision to loosen credit requirements.

15. On or about July 9, 2007, CMG terminated Carpenter's employment, ostensibly "for cause." The compensation due pursuant to Paragraph 7 of the Employment Agreement including his salary, bonus and options, is now due and payable. Although CMG "offered" to pay the performance bonus earned by Carpenter under the terms of his Employment Agreement,

it made the offer contingent upon Carpenter waiving any and all rights for further compensation unlawfully, including his severance and stock options, under the terms of his Employment Agreement.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
(Violation of the Colorado Wage Act, C.R.S. § 8-4-101 et seq.)

16. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

17. CMG's failure to pay the bonus due and owing under the Employment Agreement **is** a violation of C.R.S. § 8-4-101 et seq., as amended. The Colorado Wage Act specifically includes "bonuses or commissions earned for labor or services performed in accordance with the terms of any agreement between an employer and an employee. C.R.S. § 8-4-101(A)(I)(II)(III).

18. In accord with the Colorado Wage Act, Carpenter made the requisite demand for unpaid bonus on or about July 9, 2007.

19. The amount at issue is vested and determinable and as such, are recoverable under the Colorado Wage Act. CMG's violation of the Colorado Wage Act subjects it to an award of interest, penalties and attorneys' fees pursuant to C.R.S. § 8-4-101 et seq.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

21. The Employment Agreement entered into between Carpenter and CMG on June 9, 2006 contractually obligated CMG to pay severance, a bonus, stock options and to provide continuing health insurance, as more fully set forth within, in the event of a termination without cause.

22. CMG's termination of Carpenter, purportedly for cause, has no basis in fact or law. Thus, CMG is in breach of its obligations to pay Carpenter severance, bonus and stock options as well as provide coverage under the company's health insurance program for 12 months.

23. CMG's breach was willful and wanton, it was intentional, performed without any reasonable justification and performed in a reckless disregard for the Plaintiff's rights.

24. Carpenter performed all of his duties and obligations under the terms of the Employment Agreement.

25. As a result of CMG's breach, Carpenter has suffered substantial damages, injuries and losses, both economic and non-economic.

### THIRD CLAIM FOR RELIEF
(Promissory Estoppel)

26. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

27. CMG made promises to Carpenter that it would pay him severance pay, a bonus, provide stock options and provide continued health insurance coverage in the event he was terminated without cause. CMG made these promises both verbally and in writing.

28. Defendant made the promises foreseeing that such promises would induce Carpenter to accept the job offer from CMG and, additionally, continue his performance as COO/CFO for CMG.

29. Plaintiff relied on the promises to his detriment. In particular, Plaintiff moved from South Carolina together with his family and sold his home.

30. CMG failed to fulfill its promises, which has caused Plaintiff to suffer injuries, losses and damages, both economical and non-economic.

31. Plaintiff is entitled to his attorneys' fees under Colo. Rev. Stat. § 13-17-101 for defendant's frivolous, vexatious or groundless defense of this action.

**WHEREFORE**, Plaintiff Brendan Carpenter respectfully prays for an order of this honorable Court entering judgment in his favor and against Defendants in an amount to be determined at trial, which includes but is not limited to, his economic losses, his non-economic damages, an award of any penalty owed pursuant to the Colorado Wage Act, an award of his attorneys' fees pursuant to the Colorado Wage Act, an award of punitive damages as allowed by law, pre- and post-judgment interest, costs and attorneys' fees, and for such other and further relief as the Court may deem just and proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 3rd day of October, 2007.

                                                    McNAMARA, ROSEMAN,
MARTINEZ & KAZMIERSKI LLP

                                                    /s/ Todd J. McNamara
Todd J. McNamara, #10608
1640 E. 18th Avenue
Denver, CO 80218
(303) 333-8700

Attorneys for Plaintiff

<u>Address of Plaintiff</u>:

Brendan Carpenter
108 Belmont Stakes Way
Greenville, SC  29615